UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NUMBER:

THE CLOISTERS OF NAPLES, INC.,

    Plaintiff,

v.

LANDMARK AMERICAN
INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, THE CLOISTERS OF NAPLES, INC. ("THE CLOISTERS"), files this Complaint against the Defendant, LANDMARK AMERICAN INSURANCE COMPANY ("LANDMARK"), and alleges as follows:

## NATURE OF ACTION, PARTIES, JURISDICTION, AND VENUE

1. This is an action for breach of contract (wherein Plaintiff will seek appraisal of the amount of the loss via a motion to compel appraisal) pursuant to the property insurance policy that was issued by Defendant to Plaintiff.

2. This Honorable Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

3. At all material times hereto, Plaintiff is and was a citizen of Florida where it is incorporated. Plaintiff's principal place of business is in Florida.

4. Upon information and belief, at all material times hereto, Defendant is and was a citizen of Oklahoma and Georgia (Defendant is a surplus lines insurer incorporated in the State of Oklahoma with its principal place of business in the State of Georgia.).

5. At all material times hereto, Defendant is and was conducting business in Collier County, Florida, and insured properties in Collier County via property insurance policies, including a policy insuring the Plaintiff's property.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), in that the property that is the subject of the action is situated in this district.

## ALLEGATIONS OF FACTS

7. Plaintiff is a condominium association which governs an associated condominium complex, which is located in Naples, Florida.

8. On September 10, 2017, Hurricane Irma ("Irma"), one of the strongest hurricanes on record in the Atlantic basin, made its final landfall in southwest Florida. It hit the area as a Category 3 hurricane.

9. As a result of Irma, Plaintiff sustained damage to its property.

10. At the time of the loss, Plaintiff's property was insured by Defendant. The policy is attached as Exhibit "A."

11. The damage to Plaintiff's property was caused by a peril (a hurricane) which is covered under the policy.

12. The subject insurance policy issued by Defendant contains an appraisal provision that states, in part, as follows:

> **Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> **1.** Pay its chosen appraiser; and
>
> **2.** Bear the other expenses of the appraisal and umpire equally.
>
> * * *

13. Defendant acknowledged coverage for Plaintiff's loss, however, despite the extensive damages suffered by Plaintiff, Defendant made payments to Plaintiff of only $79,144.86.

14. As such, Plaintiff was forced to hire its own adjuster and consultants to attempt to determine the amount of the loss. Ultimately, it was determined that the amount of Plaintiff's loss is at least $3,266,438.62 (RCV)/$3,083,243.32 (ACV) exclusive of the deductible ($256,544.65), interest, attorney's fees, and costs.

15. Based on the vast disagreement between the parties as to the amount of the loss, Plaintiff invokes the "appraisal clause" in the policy and demands an appraisal of the amount of the loss. Such demand is timely as an appraisal clause can be invoked for the first time even after litigation has commenced. See Florida Ins. Guar. Ass'n, Inc. v. Castilla, 18 So. 3d 703 (Fla. 4th DCA 2009); See also Coral

Reef Metro, LLC v. Scottsdale Ins. Co., No. 2:18-cv-460-FtM-38CM, 2019 U.S. Dist. LEXIS 27594 (M.D. Fla. Jan. 30, 2019); Waterford Condo. Ass'n of Collier County, Inc. v. Empire Indem. Ins. Co., 2:19-CV-81-FTM-38NPM, 2019 WL 3852731 (M.D. Fla. Aug. 16, 2019), reconsideration denied, 2:19-CV-81-FTM-38NPM, 2019 WL 4861196 (M.D. Fla. Oct. 2, 2019).

## COUNT I -- BREACH OF CONTRACT

16. Plaintiff re-alleges paragraphs 1-15 and incorporates the same by reference herein.

17. Plaintiff sought property insurance from Defendant to cover Plaintiff's property and a policy of insurance, including but not limited to coverages to protect against hurricanes, was issued by Defendant to Plaintiff under policy number LHD399818.

18. On or about September 10, 2017, Plaintiff's property in Collier County located at or about 2701 Gulf Shore Blvd. N, Naples, FL, and as per the policy's Schedule of Locations, was damaged by a covered peril (Hurricane Irma).

19. Plaintiff's insurance policy was in full force and effect at the time of the loss.

20. Plaintiff has complied with all post loss obligations to entitle Plaintiff to appraisal of the amount of the loss (appraisal is ripe) and otherwise recover under the policy and bring the instant cause, or the conditions have been waived by Defendant.

21. Prior to the initiation of this action, Defendant was afforded every opportunity to investigate the claim and otherwise indemnify the Plaintiff.

4

22. Defendant has materially breached the policy by failing to fully value Plaintiff's damages and indemnify the Plaintiff for its losses.

23. As a result of Defendant's breach, Plaintiff has suffered damages in the form of insurance proceeds that have not been paid, interest, costs, fees, and attorney's fees, which Plaintiff seeks to recover.

24. As a result of the breach of contract, it has become necessary that Plaintiff retain the services of the undersigned attorneys. Plaintiff is obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action, plus necessary costs.

25. Plaintiff is entitled to recover attorneys' fees, fees, and costs pursuant to Florida Statutes §§ 626.9373 and/or 626.911 and 57.104, and 57.041.

WHEREFORE, Plaintiff demands judgment against Defendant, plus interest (if applicable), costs, attorneys' fees, and legal assistant fees pursuant to Florida Statutes §§ 626.9373 and/or 626.911, and 57.104, and 57.041. Plaintiff demands trial by jury for matters not determined via appraisal.

Dated this 2nd day of September, 2022.

*/s/ Kurtis Jay Keefer*
KURTIS JAY KEEFER
Florida Bar No.: 0668011
AMANDA CHRISTINE BROADWELL
Florida Bar No. 111388
GOEDE, DEBOEST & CROSS, PLLC
6609 Willow Park Drive, Naples, FL 34109
(239) 331-5100 – Telephone
(239) 260-7677 – Facsimile
abroadwell@gadclaw.com
kkeefer@gadclaw.com
jdelgado@gadclaw.com
*Attorneys for Plaintiff*