UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE CLOISTERS OF NAPLES,
INC.,

    Plaintiff,

v.                                               Case No.:  2:22-cv-546-JLB-KCD

LANDMARK AMERICAN
INSURANCE COMPANY,

    Defendant.
_____/

# ORDER

In this insurance dispute involving hurricane damage to a condominium complex, the Cloisters of Naples, Inc. sues Landmark American Insurance Company for breach of contract. (Doc. 4.) Before the Court is Cloisters' request to compel appraisal. (Doc. 25.)

This topic—insurance appraisal—is not new to the Court. There are dozens of cases pending where the parties dispute whether appraisal is allowed under Florida law and how it should proceed. *See, e.g.*, *Concord at the Vineyards Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-cv-380-SPC-KCD, 2022 WL 17261976 (M.D. Fla. Nov. 2, 2022) (collecting cases).[1] But

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Cloisters' motion is unique in that it turns on a discrete choice of law issue. Cloisters claims that Florida law applies. Landmark argues for Georgia law. (Doc. 28.) The distinction matters because, under Georgia law, Cloisters' suit—filed just shy of five years from the date of loss—is barred by a two-year limitation clause in the policy. *See Willis v. Allstate Ins. Co.*, 779 S.E. 2d 744, 746 (Ga. Ct. App. 2015). Florida law, however, has a five-year statute of limitations that cannot be modified. *See* Fla. Stat. § 95.03.[2] The Court finds that Florida law applies and thus grants the motion to compel appraisal.

## I. Background

Cloisters is a condominium association in Naples, Florida. After Hurricane Irma damaged its property, Cloisters made a claim under a commercial insurance policy with Landmark. (Doc. 4-1.) Landmark acknowledged coverage but failed to pay what Cloisters thought was needed. After hiring an adjuster and consultants, Cloisters submitted a much larger number to Landmark, who disagreed with that amount. So Cloisters sued.

The underlying policy contains the standard appraisal provision, but another clause—a suit limitation provision—is at the center of the current dispute. That provision says:

---

[2] "**Contracts shortening time**—Any provision in a contract fixing the period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations is void." Fla. Stat. § 95.03.

2

**COMMERCIAL PROPERTY CONDITIONS**

**D. LEGAL ACTION AGAINST US**

> No one may bring a legal action against us under this Coverage Part unless:
>
> 1. There has been full compliance with all of the terms of this Coverage Part; and
>
> 2. the action is brought within 2 years after the date on which the direct physical loss or damage occurred.

(Doc. 4-1 at 40.)

As mentioned, Cloisters has moved to compel appraisal under Florida law. (Doc. 25 at 3 ("In Florida, appraisal clauses in property insurance policies have been found to be legal and binding for approximately one hundred and thirty (130) years.")). Landmark, however, claims that Georgia law applies because the insurance contract was formed in Georgia. According to Landmark, "Florida adheres to the rule of *lex loci*, which provides that the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties." (Doc. 28 at 3-4.)

## II. Discussion

### *A. Governing Law*

Where jurisdiction is founded on diversity of citizenship, as here, the Court must follow Florida's choice-of-law rules. *Rando v. Government Emps. Ins. Co.*, 556 F.3d 1173, 1176 (11th Cir. 2009); *see also Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007) ("A

3

federal court sitting in diversity will apply the conflict-of-laws rules of the forum state.").

When the underlying claim for relief is breach of contract, Florida courts have traditionally applied the *lex loci contractus* rule, which "provides that the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage." *State Farm Mut. Auto. Inc. Co. v. Roach*, 945 So. 2d 1160, 1163 (Fla. 2006). The Florida Supreme Court has acknowledged that the *lex loci contractus* rule is "inflexible" but "necessary to ensure stability in contract arrangements." *Id.* at 1164. And that abandonment of the rule would "permit a party to change or modify contract terms by moving to another state, unnecessarily disrupt[ing] the stability of contracts." *Id.*

But the Eleventh Circuit has held that *lex loci contractus* does not apply in cases involving real property. In *Shapiro v. Associated Int'l Ins.*, the court predicted that the Florida Supreme Court would apply the significant relationship test in determining the choice of law rules governing insurance contracts pertaining to real property. 899 F.2d 1116 at 1118-20 (11th Cir. 1990). The *Shapiro* court concluded that because real property is by nature immobile, insurance contracts regarding real property carry no such risk of sudden modification if the law of the forum where the property is located applies. *Id.* Thus, the Florida Supreme Court would likely apply Florida law in

4

construing an insurance contract executed in California but concerning real property in Florida. *Id.*

"Once [an Eleventh Circuit panel] has settled on the state law to be applied in a diversity case, the precedent should be followed by other panels . . . absent a subsequent state court decision or statutory amendment which makes [the] decision clearly wrong." *Sadiki*, 170 F. App'x 632, 634. The Eleventh Circuit has since followed *Shapiro*, and this Court is likewise bound to do so. *See LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1516 (11th Cir. 1997); *Great Am. E & S Ins. Co. v. Sadiki,* 170 F. App'x 632, 634 (11th Cir. 2006) (affirming district court's holding that Florida law applied to an insurance dispute involving real property in Florida).

A thorough analysis and thoughtful presentation of this issue was recently put together by Judge Huck in the Southern District of Florida. *Commodore Plaza Condo. Ass'n, Inc. v. Evanston Ins. Co.*, No. 21-cv-24328-HUCK/Becerra, 2022 WL 3139106 (S.D. Fla. Aug. 5, 2022). In a case with nearly identical facts to what is raised here, Judge Huck found the Eleventh Circuit required a departure from *lex loci contractus* in insurance disputes related to real property in Florida. The Court finds *Commodore* persuasive. As explained by Judge Huck, "logic, reason, and good ol' common sense clearly mandate application of Florida law where the insurance dispute concerns a Florida citizen's Florida real property damaged in Florida." *Id.* at *6.

5

That leaves application of the significant relationship test. *See LaFarge*, 118 F.3d at 1516. There is little doubt that Florida has the most significant relationship to the transaction here—the insured property is in Florida, the insured is a Florida citizen, and the hurricane damage to the property occurred in Florida. *See Shapiro*, 899 F.2d at 1119-20 ("The validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless . . . some other state has a more significant relationship[.]"). Thus, Florida law applies to determine whether the parties' dispute is subject to appraisal. *See Wilson v. Fed. Ins. Co.*, No. 5:19CV371-RH/MJF, 2020 WL 6122549, at *2 (N.D. Fla. Apr. 8, 2020) (finding it "makes no sense" to apply Missouri or Alabama law to a real-property insurance dispute where the hurricane damage occurred in Florida, the insurer knew the property was in Florida, and appraisal would take place in Florida).

Landmark is not without support for its request to apply Georgia law. Several district courts have applied *lex loci contractus* to real property insurance contracts, pointing to the Florida Supreme Court's general affirmation of the rule since the Eleventh Circuit's *Shapiro* decision. *See, e.g.*, *Pierce v. Prop. & Cas. Ins. Co. of Hartford*, 303 F. Supp. 3d 1302, 1304-05 (M.D. Fla. 2017); *Liberty Mut. Ins. v. Festival Fun Parks, LLC*, No. 12-62212-CIV,

2013 WL 4496511, at *2-5 (S.D. Fla. Aug. 22, 2013) (collecting cases). But the Florida Supreme Court's intervening decision—*State Farm Mut. Auto. Inc. Co. v. Roach*, 945 So. 2d 1160, 1163 (Fla. 2006)—dealt with an automobile insurance contract. And its rationale is tied to the notion that automobiles are inherently mobile. Applying *lex loci contractus* to a mobile risk affords certainty because the governing law is uniformly that of the state in which the contract was executed. The need for certainty dissipates when dealing with real property.

In any event, *Roach* did not address whether *lex loci contractus* applies to insurance contracts involving real property. Thus, Landmark has not persuaded the Court to break step with the Eleventh Circuit, which has explicitly departed from *lex loci contractus* in these circumstances. *See, e.g.*, *Brar Hosp., Inc. v. MT. Hawley Ins. Co.*, No. 3:22CV9417-TKW-ZCB, 2022 WL 16961203, at *2 (N.D. Fla. Oct. 11, 2022) ("[T]he Florida Supreme Court has not specifically held . . . that the *lex loci contractus* rule applies to insurance contracts involving real property, and until it or the Eleventh Circuit does so, [*Shapiro* and its progeny] is controlling.").

### B. Appraisal Under Florida Law

With the choice of law issue decided, this next part is easy because Landmark offers no argument for why the parties should not go to appraisal

7

under Florida law. (*See* Doc. 28 at 3-20 (arguing only that appraisal is improper under Georgia law).)

"Appraisal is a form of alternative dispute resolution that sets a disputed loss amount." *CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, 843 F. App'x 189, 193 (11th Cir. 2021); *see also Merrick Pres. Condo. Ass'n, Inc. v. Cypress Prop. & Cas. Ins. Co.*, No. 4D20-1419, 2021 WL 1206394, at *3 (Fla. Dist. Ct. App. 2021) ("Appraisal clauses provide a mechanism for prompt resolution of claims[.]"). Given the "overwhelming preference in Florida for the resolution of conflicts through any extra-judicial means . . . for which the parties have themselves contracted," resort to the appraisal process is strongly preferred. *McGowan v. First Acceptance Ins. Co., Inc.*, 411 F. Supp. 3d 1293, 1296 (M.D. Fla. 2019). Indeed, when an insurance policy contains an appraisal provision, "the right to appraisal is not permissive but is instead mandatory, so once a demand for appraisal is made, 'neither party has the right to deny that demand.'" *Id.* at 1296 (quoting *United Cmty. Ins. Co. v. Lewis*, 642 So. 2d 59, 60 (Fla. Dist. Ct. App. 1994)).

The Court finds that appraisal is required. Florida law is clear that "a dispute regarding the amount of loss found to be covered under the policy is subject to appraisal if so provided in the insurance policy." *Arvat Corp. v. Scottsdale Ins. Co.*, No. 14-22774, 2015 WL 6504587, at *2 (S.D. Fla. Oct. 28, 2015). Landmark does not dispute that Hurricane Irma was a covered peril

8

and that it caused at least some covered losses. Indeed, Landmark paid some benefits to Cloisters under the policy. Because the parties' policy offers appraisal for precisely this kind of dispute (Doc. 25 at 4), Landmark must go. *See Brar Hosp., Inc. v. MT. Hawley Ins. Co.*, No. 3:22CV9417-TKW-ZCB, 2022 WL 16961203, at *3 (N.D. Fla. Oct. 11, 2022) (ordering appraisal when the defendant "did not wholly deny there is a covered loss").

Finally, Cloisters requests a stay while appraisal proceeds. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The party seeking the stay must show good cause and reasonableness. *See Belloso v. Asplundh Tree Expert Co.*, No. 6:18-cv-460-Orl-40TBS, 2018 WL 4407088, at *2 (M.D. Fla. Sept. 17, 2018). In deciding whether a stay is suitable, courts examine several factors including "(1) whether a stay will simplify the issues and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and the court; and (3) whether the stay will unduly prejudice the non-moving party." *Shire Dev. LLC v. Mylan Pharms. Inc.*, No. 8:12-CV-1190-T-36AEP, 2014 WL 12621213, at *1 (M.D. Fla. July 25, 2014).

The Court finds that a stay is appropriate because, among other things, appraisal might resolve the parties' dispute. *See Positano Place at Naples II Condo. Ass'n v. Empire Indem. Ins. Co.*, Case No. 2:21-cv-181-SPC-MRM, 2022 WL 714809, at *3 (M.D. Fla. Mar. 10, 2022); *Waterford Condo. Ass'n of Collier*

9

*Cnty., Inc. v. Empire Indem. Ins. Co.*, Case No. 2:10-cv-81-FtM-38NPM, 2019 WL 3852731, at *3 (M.D. Fla. Aug. 16, 2019).

It is now **ORDERED**:

1. Plaintiff's Motion to Compel Appraisal and Stay (Doc. 25) is **GRANTED**.

2. The parties are **ORDERED** to expeditiously conduct an appraisal as prescribed by the appraisal provisions of the insurance policy, to file joint status reports every 90 days to advise the Court of the status of the appraisal, and to notify the Court upon completion of the appraisal process.

3. The Clerk is **DIRECTED** to place a stay flag on this case pending completion of the appraisal process.

**ENTERED** in Fort Myers, Florida this January 13, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record